IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:14-CR-20 |
| v. ) | |
| ) | By:   Michael F. Urbanski |
| JESSIE HAWKINS, ) | Chief United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

This matter comes before the court on Jessie Hawkins's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which he filed pro se on August 22, 2022. Mot., ECF No. 402. As discussed more fully below, the court **DENIES** his motion.

### I. Background

On February 27, 2014, Hawkins was charged in an indictment with ten counts related to heroin distribution and 3 counts alleging firearm violations. Indictment, ECF No. 13. On February 3, 2015, he entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to one count of conspiring to possess with the intent to distribute and distribute a detectable amount of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); two counts of distributing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(b)(1)(C); and one count of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Plea Agreement, ECF No. 194 at 1–2.

On September 15, 2015, Hawkins was sentenced to term of 250 months, to run concurrently with a remaining undischarged state sentence, and to be followed by a 5-year term of supervised release. The sentence was comprised of 190 months on the drug convictions and 60 consecutive months on the firearm conviction. J., ECF No. 252, at 1–3.

Hawkins currently is housed at FCI Thomson and has a projected release date of May 26, 2033.[1]

In this second motion for compassionate release, Hawkins describes several conditions that he believes rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A): (1) his medical issues; (2) the COVID-19 pandemic; (3) unusually harsh prison conditions; (4) the disparity between the sentence he received and sentences imposed on similar defendants; and (5) his rehabilitation. ECF No. 403.[2] Hawkins also seeks appointment of counsel to represent him on this motion. Id. at 7.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Jan. 26, 2024) (search "Jessie Hawkins").

[2] In Hawkins' first motion for compassionate release, ECF No. 358, he argued only that the COVID-19 pandemic constituted an "extraordinary and compelling" reason warranting a sentence reduction. The court denied his motion on June 17, 2021. ECF No. 390.

2

Accordingly, Hawkins's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

In response to Hawkins' first motion for compassionate release, the government did not contest that Hawkins had exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Hawkins has satisfied the statute's exhaustion requirements.

The court next must consider whether it should reduce the term of imprisonment. The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The revised guidelines will be applied to Hawkins' arguments.

### A. Health Conditions

Hawkins contends that he is entitled to compassionate release based on his diagnoses of Type II Diabetes Mellitus and Hypertension. A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when he can demonstrate the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

>   (B) The defendant is—
>
>   (i) suffering from a serious physical or medical condition,
>
>   (ii) suffering from a serious functional or cognitive impairment, or
>
>   (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>   (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG § 1B1.13(b)(1)(A)–(C).

Hawkins provided a medical record confirming that he has been diagnosed with Type II Diabetes Mellitus and Hypertension. Med. R., ECF No. 404-3 at 2. However, he has not alleged that either condition has substantially diminished his ability to provide self-care within the prison facility. In the absence of such an allegation and with no evidence that his ailments substantially limit him, the court must **DENY** Hawkins' motion based on his medical conditions, as they do not present "extraordinary and compelling" reasons to reduce his sentence.

### B. COVID-19

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

>   (i) the defendant is housed at a correctional facility affected or at

4

> imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Hawkins cannot make this showing because he cannot show either that FCI Thomson is affected by an outbreak of an infectious disease, or an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Thomson has zero open cases of COVID-19 out of 1,776 inmates.[3] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[4]

In addition, even if Hawkins could show the existence of the first two conditions, he cannot show that he is at increased risk of suffering severe medical complications or death that cannot be adequately mitigated in a timely manner. Hawkins has been vaccinated against COVID-19 and the Bureau of Prisons continues to offer booster vaccines in accordance with guidance from the Centers for Disease Control. The vaccines "provide sustained protection against severe disease and death. ..."[5] Therefore, even if Hawkins could show that COVID-

---

[3] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed Jan.29, 2024).
[4] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed Jan. 29, 2024).
[5] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (updated Oct. 13, 2023) (last viewed Jan. 29, 2024).

5

19 was causing an outbreak at his facility or was considered an ongoing public health emergency, he cannot show that his risk could not be mitigated by a vaccine against the virus.

Based on the foregoing, Hawkins cannot show that COVID-19 creates an extraordinary and compelling reason for a sentence reduction. Therefore, his motion for a sentence reduction citing conditions caused by the COVID-19 pandemic is **DENIED**.

### C. Unusually Harsh Prison Conditions

Hawkins asserts that he has experienced unusually harsh prison conditions because of lockdown measures taken to control the spread of COVID-19. Mot., ECF. No. 403 at 17. However, he did not describe any of the conditions to which he has been subjected.

The revised guidelines do not contemplate that prison conditions can be a ground for a sentence reduction.[6] Also, courts have held that harsh prison conditions, whether due to the pandemic or other factors, do not justify a reduced sentence. See, e.g., United States v. Campbell, No. ELH-14-0058, 2022 WL 17105175 at *13–14 (D. Md. Nov. 21, 2022) ("General hardships due to COVID-19 do not constitute an extraordinary and compelling circumstance that warrants an inmate's release."); United States v. Fuentes, No. 2:19cr109, 2022 WL 3581392, at *9 (E.D. Va. Aug. 19, 2022) (acknowledging that COVID-19 limited educational and rehabilitative programming, but finding defendant did not show that such circumstances were extraordinary); United States v. Graham, No. 3:12-cr-00188-FDW-DSC, 2022 WL 1632168, at *4 (W.D.N.C. May 23, 2022) ("There is no evidence before the Court

---

[6] The guidelines do provide that a defendant who shows that he has a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at serious risk of deterioration in health or death, and a defendant who establishes that he is the victim of physical or sexual assault by a prison staff person, may be entitled to a sentence reduction. USSG §§1B1.13(b)(1)(C) and (b)(4). Hawkins has not made either of these allegations.

6

tending to show Defendant's current prison conditions provide a factual or legal basis for a sentence reduction under this record, and the Court's role is not to micromanage the BOP's regulations as it relates to the COVID-19 virus."); and United States v. Bryant, No. 3:04-cr-00047-01, 2022 WL 1094731, at *4 (W.D. Va. April 12, 2022) ("[W]hile the conditions at FCI McDowell might be somewhat more onerous for prisoners than they would be in the absence of the pandemic, they are not unusually arduous to the extent that the Court could hold that they constitute extraordinary and compelling reasons for release."). As Hawkins cannot make out a claim for compassionate release based on prison conditions, his motion based on these allegations is **DENIED**.

### D. Sentence Disparity

Hawkins argues that his sentence is not proportional to other sentences imposed on like defendants. Hawkins was sentenced to 190 months on the drug charges and he points out that in 2021, the mean sentence for a drug trafficker in criminal history category V was 107 months, with a median sentence of 96 months, citing in support U.S. Sentencing Commission, 2021 Sourcebook, Table 27. While consideration of a sentencing disparity is relevant to an analysis of sentencing factors, see 18 U.S.C. § 3553(a)(6), a sentence above the average sentence does not by itself present an extraordinary and compelling reason for a sentence reduction.[7]

---

[7] Even when considered as one of the relevant sentencing factors, a court is to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added). Hawkins' argument focuses on defendants with similar criminal histories but does not discuss the relevance of drug weight as it relates to the sentencing guidelines, or the fact that he received a four-level increase for being a leader in the criminal activity. PSR, ECF No. 251 ¶ 53. Thus, the statistic he cites is of limited relevance even in the context of the § 3553(a) factors.

7

The new guidelines provide the following when assessing whether an unusually long sentence can be an extraordinary and compelling reason for a sentence reduction:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13 (b)(6) and (c).

Here, Hawkins has served at least 10 years of his sentence. However, it does not appear that a change in the law has occurred that would produce a gross disparity between the sentence he received in 2015 and the sentence he likely would receive today. At the time he was sentenced, Hawkins faced a statutory sentencing range of 10 years to life on Count 1, and on Counts 3 and 5 the range was zero to 20 years. He faced an additional statutory minimum sentence of 5 years on the firearm charge, to be served consecutively to his other sentence, making his overall sentencing range 15 years to life. Sent. Tr., ECF No. 334 at 5–6. The same statutory penalties would apply today. See 21 U.S.C. § 841.

Similarly, based on the agreed statement of facts and on paragraphs 42 and 43 of the PSR, the parties agreed to a drug weight of 1.7 kilograms of heroin, which, pursuant to USSG § 2D1.1(c)(5) of the guidelines, provided a base offense level of 30. Sent. Tr., ECF No. 334 at 5–6. The same guidelines provision would apply today.

Because the law has not changed since Hawkins was sentenced such that it created a disparity between the sentence he received in 2015 and the sentence he likely would receive today, he cannot show an extraordinary and compelling reason for a sentence reduction. Therefore, the court will **DENY** Hawkins' motion for a sentence reduction based on a sentencing disparity or an unusually long sentence.

### E. Rehabilitation

Hawkins states that he is very remorseful for his actions and that he would like the opportunity to prove to society that he is a changed man. He also points out that since being incarcerated he has had no disciplinary offenses and he has taken a number of classes. He has tried to take advantage of every rehabilitation program offered to him. Mot. ECF No. 403 at 20. The court is impressed with Hawkins' institutional record, and particularly with the fact that he has never been charged with a disciplinary offense. His record speaks well of his intent to turn his life around and offers a great deal of encouragement that Hawkins will be a productive and law-abiding member of society upon his release.

Unfortunately, the guidelines make clear that rehabilitation is not an extraordinary and compelling reason for granting compassionate release. USSG § 1B1.13(d) provides the following:

> Rehabilitation of the Defendant.—Pursuant to 28 U.S.C. § 994(t), rehabilitation is not, by itself, an extraordinary and compelling

9

> reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

At this time, Hawkins has not shown that he is entitled to compassionate release on any ground and the court cannot consider his rehabilitation by itself as an extraordinary and compelling reason for granting compassionate release. Accordingly, the court will **DENY** his motion based on his rehabilitation.

Because the court finds that Hawkins has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'")

### III. Conclusion

For the reasons stated herein, the court **DENIES** Hawkins' second motion for compassionate release, ECF No. 402. The court also **DENIES** Hawkins' request to have an attorney appointed because it is clear that Hawkins is not entitled to compassionate release.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: January 31, 2024

Michael F. Urbanski
Chief United States District Judge