CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 7:14-cr-00020** |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JESSIE HAWKINS,** | ) | **Senior United States District Judge** |
| **Defendant-Petitioner** | ) | |

## MEMORANDUM OPINION

Proceeding pro se, Jessie Hawkins filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. ECF No. 432. The Federal Public Defender (FPD) filed a supplemental motion on his behalf, ECF No. 438, and the government has filed a response in opposition. ECF No. 439. As discussed below, the court **DENIES** the motions.[1]

### I. Background

On February 27, 2014, Hawkins was charged in an indictment with ten counts related to heroin distribution and three counts alleging firearm violations. Indictment, ECF No. 13. On February 3, 2015, he entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to one count of conspiring to possess with intent to distribute and distribute a detectable amount of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); two counts of distributing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(b)(1)(C); and one count of using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18

[1] Hawkins has filed two previous motions for compassionate release, both of which were denied by the court. See ECF Nos. 358, 390, 402, 418, 419.

U.S.C. § 924(c). The parties agreed to a sentence of between 180 and 300 months. Plea Agreement, ECF No. 194 at 1–2.

On September 15, 2015, Hawkins was sentenced to a term of 250 months, to run concurrently with a remaining undischarged state sentence, and to be followed by a five-year term of supervised release. The sentence was comprised of 190 months on the drug convictions and sixty consecutive months on the firearm conviction. J., ECF No. 252, at 1–3. Hawkins' sentence was reduced to 228 months following a successful motion for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines. ECF No. 423. Hawkins currently is housed at Terre Haute United States Penitentiary and has a projected release date of December 13, 2031.[2]

Hawkins seeks compassionate release based on his claim that (1) his mother is incapacitated by poor health and he is the only available caregiver for her; (2) an unwarranted sentencing disparity exists between Hawkins and his co-defendant; and (3) his current age and institutional record indicate that he is successfully rehabilitated. The government counters that Hawkins has not met his burden of showing an extraordinary and compelling reason for a sentence reduction and that even if he had done so, the 18 U.S.C § 3553(a) factors preclude relief.

**II. Compassionate Release**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion

[2] https://www.bop.gov/inmateloc/ (search term "Jessie Hawkins") (last viewed Aug. 14, 2026).

> of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Hawkins' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

**A. Exhaustion**

Exhaustion is a non-jurisdictional threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). The requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Hawkins submitted a request to the warden at the facility where he was being held and his request was denied. The government does not contest exhaustion and the court finds that Hawkins satisfied the exhaustion requirement.

**B. Extraordinary and Compelling Reasons**

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised policy statement will be applied to Hawkins' motion.

**(1) Mother's Health**

Hawkins claims that he is entitled to compassionate release based on his mother Diane's poor health and the fact that no one else is available to care for her.[3] Under the relevant revised guideline, USSG § 1B1.13(b)(3)(C), to demonstrate an extraordinary and compelling reason for a sentence reduction based on the need to care for a parent, the defendant must show "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Thus, the court must first determine whether Hawkins has shown that Diane is "incapacitated." If Hawkins makes that showing, the court next looks at whether Hawkins has shown that he is Diane's only available caregiver.

**(a) Incapacitation**

The sentencing guidelines do not provide a definition of "incapacitated," but this court previously has looked to Bureau of Prisons (BOP) Program Statement 5050.50, which describes the procedures the BOP uses to implement requests for compassionate release.

[3] Because the defendant and his mother share the last name, the court will refer to the defendant as "Hawkins" and to his mother as "Diane."

The program statement defines "incapacitation" as "a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [parent] … is completely disabled, meaning that the [parent] … cannot carry on any self-care and is totally confined to a bed or chair." United States v. Collins, No. 15-10188-EFM, 17-10061-EFM, 2020 WL 136859, at *4 (D. Kan., Jan. 13, 2020) (quoting BOP Program Statement § 5050.50 at 10).

While the program statement is not binding on the courts, it indicates the severity of incapacitation that the BOP finds necessary in determining that a defendant has demonstrated an extraordinary and compelling reason for compassionate release, and many courts, including this one, look to the program statement for guidance. See, e.g., United States v. Vaughn, Nos. 7:10-CR-17, 7:19-CR-25, 2025 WL 84215, at *4 n.4 (W.D. Va. Jan. 13, 2025) (Urbanski, J.); United States v. Castle, No. 2:15-cr-00190-KMJ-DB-2, 2024 WL 3429668, at *2 (E.D. Cal., July 16, 2024); and United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021).

In United States v. Taveras, 731 F. Supp. 3d 94, 99 (D. Mass. April 12, 2024) (citing United States v. Beck, 425 F. Supp. 3d 575, 579 (M.D.N.C. 2019)), a district court found that relying solely on BOP Program Statement 5050.50 was inappropriate, reasoning that revisions to 18 U.S.C. § 3582(c)(1) were intended to provide courts with more oversight and discretion and allow for sentence reductions even when the BOP found they were not appropriate. The Taveras court looked at the definition of an incapacitated person in the Uniform Probate Code, Section 5-102(4) (1969, revised 2019) (UPC). Under the UPC, "a person is 'incapacitated' when that individual, 'for reasons other than being a minor, is unable to receive and evaluate information or make or communicate decisions to such an extent that

the individual lacks the ability to meet essential requirements for physical health, safety, or self-care, even with appropriate technological assistance.'" Taveras, 731 F. Supp. 3d at 99. See also United States v. Ross, No. 4:17-cr-00102-AKB-1, 2024 WL 3677337, at *2 (D. Idaho, Aug. 5, 2024) (citing Taveras and denying motion for compassionate release in part because defendant did not show that his mother lacked the ability to meet essential requirements for physical health, safety, or self-care) (citation modified).

Hawkins asserts that Diane has suffered two strokes resulting in paralysis on the left side of her body, causing her to need to use a wheelchair to get around. She requires assistance with toileting, bathing, dressing, preparing meals, eating, moving around, cleaning, and taking medication. He submitted a letter to the court from a nurse practitioner who treats Diane, stating that the residual effects from the strokes along with symptoms of heart disease render her unable to manage her own personal care, food preparation, household and community mobility, medical appointments, medication, or household chores. Letter, ECF No. 432-5. The government concedes that Diane is incapacitated and requires constant care. Resp., ECF No. 439 at 2–3. Accordingly, while noting that neither the BOP program statement nor the UPC definition of "incapacitation" is binding, but looking to both for guidance, the court finds that Diane is incapacitated for purposes of § 1B1.13(b)(3)(C).

**(b) Only Available Caregiver**

The court next must determine whether Hawkins is Diane's only available caregiver. See USSG Amend. 814 (App. C. Vol. 4 at 206) (Nov. 1, 2025) (stating that relief is available only where "defendant establishes both the qualifying relationship and that the defendant is the only available caregiver."). Hawkins has the burden of proof on this issue. United States

v. Stamper, No. 3:20-CR-00295, 2024 WL 3512807, at *5 (W.D.N.C. July 23, 2024). See also United States v. Richardson, No. 5:18-CR-507, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver.")

In the FPD's supplemental motion, Hawkins' attorney reports that she spoke to several people, including Diane, about the care being provided to her. According to the attorney, Diane currently receives assistance from an aide for approximately two hours per day, apparently funded by the Social Security Administration. Suppl. Mot., ECF No. 438 at 2. She previously relied on her sister and her daughter to provide additional care, but her sister died in the spring of 2026 and her daughter has been diagnosed with a medical condition which prevents her from providing hands-on care. Id. at 2. Chris Butler, Diane's cousin, lives approximately 50 miles away and cannot provide daily care. Id. Tamara Woods, Hawkins' girlfriend, lives near the family and helps when she can, but works three jobs and cannot provide regular care. Id. at 2–3. Finally, Diane has two adult sons living at home, Malik Hawkins and Tyreek Hawkins, who, according to Hawkins' attorney, are both disabled and incapable of providing the daily hands-on care that Diane needs. Id. at 4. Malik Hawkins is described as legally blind and Tyreek Hawkins has severe attention deficit hyperactivity disorder (ADHD) and autism, and experiences significant limitations of his own. Id. at 4.

The problem with Hawkins' attorney's recitation of her interviews with Diane's family members is that it does not rise to the level of "a robust evidentiary showing" that Hawkins is the only available caregiver for Diane. Woods and Butler both wrote letters to the court expressing their support for Hawkins and attesting to his rehabilitation while in prison, but

neither explains why they cannot at least help with taking care of Diane. Letters, ECF Nos. 432-13 and 432-14. Renise Williams, who describes herself as a close family member of Jessie Hawkins, also wrote a letter in support, but did not discuss whether she can help provide care for Diane. Letter, ECF No. 432-15.

Finally, Malik and Tyreek Hawkins, Diane's two young adult sons who live with her, would be the most likely family members to provide the assistance she needs. However, while Hawkins and his attorney both describe the young men as disabled and unable to provide care to Diane, no evidence, such as a sworn declaration or medical records, was presented to the court in support of this allegation. The court is asked to accept at face value that the men cannot provide care for Diane, even with the assistance of the aide who goes to the house for two hours per day and supplemental help from Butler, Williams, and Woods.[4]

The court finds that in the absence of evidence to support of his allegation that he is the only available caregiver for Diane, Hawkins has not met his burden of proof on this issue. His conclusory allegation as to the unavailability of any other person in the family to provide at least some care to Diane along with the paid part-time aide, without more, is insufficient to establish that he meets this criterion under the guideline. See United States v. Fragale, No. 5:17-CR-00112-1, 2025 WL 2308103, at *3 (S.D. W. Va. Aug. 11, 2025) (denying compassionate release to petitioner who alleged he was the only available caregiver for his children because he "mustered no evidence" in support of his allegation); United States v. Kirker, No. CR 3:21-00109-02, 2025 WL 2005011, at *2 (S.D. W. Va. July 17, 2025) (denying

[4] Moreover, the presence of Malik and Tyreek in the house, both of whom are described as having disabling limitations, raises the question of who cares for them, as Diane is not able to do so. The court also is left to wonder who has been caring for Diane since the death of her sister and her daughter's medical diagnosis.

relief to petitioner who sought compassionate release to care for her daughter, alleging that the daughter's caregiver was incapacitated by kidney disease and needed a kidney transplant, when petitioner failed to submit letters or reports from a doctor discussing the gravity or significance of the caregiver's illness or indicating that her treatment or condition left her unable to care for the child); United States v. Whitted, No. 5:15-CR-00372-M-1, 2025 WL 1944018, at *8 (E.D.N.C. July 15, 2025) (denying compassionate release when presented with little evidence beyond petitioner's statement that his mother was incapacitated and unable to care for his child); United States v. Brown, CRIM. No. JKB-16-0427, 2022 WL 1664474, at *3 (D. Md. May 25, 2022) (denying motion for compassionate release where petitioner did not explain who had been caring for his father in the two years since his caregiver died and why continuing the current situation was not feasible); see also United States v. Ingram, No. 1:18CR00019-002, 2024 WL 1719932, at *2 (W.D. Va. Apr. 22, 2024) (granting motion for compassionate release where movant submitted affidavit from doctor stating that movant's mother could no longer care for movant's father because of her own disabling medical conditions).

In addition, Hawkins' claim that he is entitled to release from prison to provide his mother with live-in care on a daily basis is undermined by the proposed release plan he submitted to the court where he states that he has two jobs waiting for him upon his release from prison and his cousin's representation to the court that Hawkins has employment opportunities available to him. Proposed Release Plan, ECF No. 432-1 at 2; Letter, ECF No. 432-14. Hawkins' plans for employment raise questions about his ability to provide the around-the-clock care his mother needs.

The court is sympathetic to the fact that Diane is incapacitated and needs care and that Hawkins would like to be released to care for her. Nevertheless, Hawkins has not provided sufficient evidence to establish that he is his mother's only available caregiver. Nor has he explained how he intends to work while also providing around-the-clock care to his mother. Without doing so, Hawkins cannot establish an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(3)(C).

**2. Sentencing Disparity**

Hawkins currently is serving a 228-month sentence while his brother and co-defendant, Clarence Hawkins, is serving a 216-month sentence for his role in the conspiracy, and he argues that the disparity in the sentences is unwarranted.[5] In addition, because Hawkins was convicted of an offense under 18 U.S.C. § 924(c), he is precluded from participating in programs offered by the prison that provide for a sentence reduction upon completion. Clarence, who was not convicted under § 924(c), has been able to participate in such programs and his sentence has been reduced accordingly, creating a greater sentencing disparity. Mot., ECF No. 432-3.

To the extent Hawkins is arguing that he should not have been charged or convicted on the § 924(c) offense, he cannot bring that claim in this motion for a sentence reduction as the exclusive remedy for challenging a conviction or sentence is to bring a habeas motion under 28 U.S.C. § 2255. Fernandez v. United States, 146 S.Ct. 1292, 1300–01 (2026). In addition, the fact that a movant may be procedurally barred from bringing a § 2255 petition does not create an extraordinary and compelling reason for a sentence reduction. See id. at

[5] For clarity, the court will refer to Clarence Hawkins as "Clarence."

1303 (noting that § 2255 petitions have substantive and procedural requirements and stating "[t]hat Congress has chosen to make § 2255 a high bar is not a compelling reason to reduce the sentences of prisoners who fall short."). By asserting that he should not have been charged and convicted under 18 U.S.C. § 924(c), Hawkins is attempting to challenge his conviction and cannot do so in this compassionate release motion.

Moreover, at the time Hawkins was sentenced, the court was aware that Clarence had been sentenced to 216 months. Sent. Hr'g Tr., ECF No. 334 at 17. The court nevertheless sentenced Hawkins to 250 months, later reduced to 228 months, based on the plea agreement each entered into in his case and on the § 3553(a) factors. Hawkins has pointed to nothing to show that the disparity between his and Clarence's sentence was unwarranted or otherwise provides a basis for a sentence reduction. Accordingly, Hawkins cannot show that he is entitled to a sentence reduction based on a disparity between his and Clarence's sentences.

**3. Current Age and Rehabilitation**

Hawkins also tells the court that he no longer is a danger to society given his current age, 56, and his institutional record. Since being incarcerated he has had only one disciplinary incident, possessing a hazardous weapon (a cell phone) in 2024. Inmate Disp. Data, ECF No. 439-3. He is classified as a low risk for recidivism and as a medium security risk. Inmate Profile, ECF No. 439-2. He completed his GED in 2018 and has taken many other classes. Individualized Needs Plan, ECF No. 432-10. Hawkins has worked as a Lead Cook and submitted letters from his supervisors stating that he has shown strong leadership, reliability, and professionalism, is organized, takes pride in his work, and works well with others. Both

supervisors expressed their beliefs that Hawkins is a person of good character and will be a productive member of society upon his release. Letters, ECF Nos. 432-11 and 432-12.

The court is impressed by Hawkins' efforts towards rehabilitation and believes that they indicate that Hawkins intends to live a productive and law-abiding life when he is released from incarceration. Nevertheless, any argument that he is entitled to a sentence reduction based on rehabilitation is foreclosed by USSG § 1B1.13(d). That section of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. See also United States v. Graves, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (noting that "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for a sentence modification").

Because Hawkins has not sufficiently alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction. Accordingly, his motion for a sentence reduction based on his rehabilitation is **DENIED**.

**C. 18 U.S.C. § 3553(a) Factors**

Because the court finds that Hawkins has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has

demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent . . . they are applicable.'").

**III. Conclusion**

For the reasons stated, the court **DENIES** Hawkins' motions for a sentence reduction, ECF Nos. 432, 438.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 20, 2026

Mike Urbanski
Senior U.S. District Judge
2026.08.20 13:59:51
-04'00'

Michael F. Urbanski
Senior United States District Judge